**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

and

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Etc., Intervenor,**

v.

**GOODYEAR AEROSPACE CORPORATION, Respondent.**

**No. 17470.**

United States Court of Appeals Sixth Circuit.

Jan. 29, 1968.

J. Richard Thesing, Atty., N.L.R.B., Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green, Atty., N.L.R.B., Washington, D. C., on brief.

Edward C. Kaminski, Akron, Ohio, for respondent, Buckingham, Doolittle & Burroughs, Herman E. Rabe, Akron, Ohio, Robert Merrick, Akron, Ohio, Counsel, Goodyear Aerospace Corp., on brief.

Before COMBS, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

PER CURIAM.

This case is before the Court upon petition of the National Labor Relations Board for enforcement of its order finding Goodyear Aerospace Corporation had violated Section 8(a) (5) and (1) of the Act by refusing the union's request for data concerning certain employees outside the bargaining unit represented by the union. The Board's decision is reported at 157 N.L.R.B. No. 45.

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW and its Local Union No. 856, is the exclusive representative for employees at the corporation's plant at Akron, Ohio. The contract between the union and the corporation covers employees engaged in production; those employees engaged in research and development are excluded from the contract. The union contends that the corporation has assigned to research and development employees who should be assigned to production. This has been a long-standing argument between the union and the corporation, going back to the 1950's.

The union requested the corporation to furnish to it the department numbers, names, job titles and job descriptions, wages or salaries, hours, and fringe benefits for those employees engaged in research and development. The corporation declined to furnish the information.

The Board found that the information requested was relevant to the union's function as the collective bargaining representative of the production employees and that the corporation's refusal to furnish the information constituted an unfair labor practice within the meaning of the Act. We agree. Curtiss-Wright Corp., Wright Aero Div. v. N.L.R.B., 347 F.2d 61 (3rd Cir. 1965); Timken Roller Bearing Company v. N.L.R.B., 325 F.2d 746 (6th Cir. 1963).

The Board's order will be enforced.